**In the Matter of the Application of Richard BEHAR to Quash a Deposition Subpoena.**

**United States District Court Southern District of New York.**

**CHURCH OF SCIENTOLOGY CELEBRITY CENTER INTERNATIONAL, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**United States District Court Central District of California.**

**Index No. M8–85.
No. 90–3506 DWW (Ex).**

United States District Court, S.D. New York and C.D. California.

Oct. 18, 1991.

McKENNA, District Judge.

In this order, the Court decide a motion submitted on behalf of Mr. Richard Behar to quash a deposition subpoena served on him by the Church of Scientology Celebrity Center International, the Plaintiff in the underlying action against the Internal Revenue Service. In addition, Mr. Behar has moved for sanctions pursuant to F.R.Civ.P. 11 and 26(a). For the reasons set forth below, the deposition subpoena is quashed and the motion for sanctions is denied.

*Facts:*

Mr. Behar's motion involves a subpoena served by the Church of Scientology Celebrity Center International ("the Church") for the deposition of Mr. Behar, a journalist with Time magazine. Mr. Behar recently wrote a cover story unfavorably depicting the Church and its practices. In a subsection entitled "The Scientologists and Me", he described his own experience of being harassed by attorneys and private investigators allegedly dispatched by the Church in retaliation for the article.

The Church seeks the deposition of Mr. Behar in connection with its lawsuit against the Internal Revenue Service ("the IRS") under the Freedom of Information Act ("FOIA"), 5 U.S.C.A. § 552. In that action, the IRS has refused to disclose certain materials under an FOIA exemption clause which shields information compiled for law enforcement purposes if disclosure "could reasonably be expected to endanger the life or physical safety of any individual" under § 552(b)(7)(F). The IRS cites the article written by Mr. Behar, along with 19 other documents, in support of its claim that release of certain information will place persons in danger of harm from the Church.

To refute the IRS defense of exemption, the Church seeks to depose Mr. Behar regarding the factual matters set forth in the article (harassment of the government and others, including himself, by the Church), details relating to Behar's communications with the IRS (both as to information which Behar allegedly provided to the IRS which may have given rise to the exemption assertions, and as to the IRS' provision of information to Behar), and the identities of IRS employees which Mr. Behar spoke with in the course of his research. Mr. Behar has moved to quash the deposition subpoena on the ground that the information is protected by the reporter's privilege.

*Discussion:*

■ The reporter's privilege protects journalists from the compelled disclosure of information acquired in the course of gathering news. The Court of Appeals for the Second Circuit has recognized and enforced the privilege under the First Amendment of the United States Constitution. *See e.g. United States v. Burke,* 700 F.2d 70, 76–77 (2d Cir.), *cert. denied,* 464 U.S. 816, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983); *In re Petroleum Prods. Antitrust Litig.,* 680 F.2d 5, 7–8 (2d Cir.1982) (per curiam). While the federal law of privilege controls, courts have also considered the applicable state law in the jurisdiction where the reporter's deposition was noticed. New York courts have found the underlying policies served by the New York State "Shield Law," N.Y.Civ. Rights Law § 79–h, and the federal Constitution to be congruent. *See von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 144 (2d Cir.), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987).

In its Memorandum in Opposition to Mr. Behar's motion to quash, the Church focuses much of its argument on showing that Mr. Behar's communications were not confidential, and thus not eligible for the absolute privilege accorded to information from confidential sources under § 79–h(b) of the New York Shield Law. However, because Mr. Behar claims only a qualified privilege

and has made no attempt to prove that any of the information is confidential, the Church's extensive treatment of the confidentiality issue is immaterial. (Reply Memo. in Support of Motion at 4; Memo. in Opposition at 10–14).

■■■ The qualified reporter's privilege, accorded under the United States Constitution, the New York State Constitution, and the New York Shield Law, protects non-confidential as well as confidential information. *See United States v. Marcos*, 1990 WL 74521, 17 Med.L.Rptr. 2005, 2007 (S.D.N.Y.1990); *O'Neill v. Oakgrove Construction, Inc.*, 71 N.Y.2d 521, 521–22, 528 N.Y.S.2d 1, 1–2, 523 N.E.2d 277, 277–78 (1988); N.Y.Civ. Rights Law § 79–h(c) (McKinney Supp.1991). The qualified privilege can be overcome only upon a clear and specific showing by the party seeking disclosure that the information is: (1) highly material and relevant to its action; (2) necessary or critical to the claim; and (3) not obtainable from other sources. *Burke*, 700 F.2d at 76–77.

■■■ In response to Mr. Behar's assertion of a qualified privilege, the Church contends that Mr. Behar's deposition is "highly material and relevant" to prove that the IRS exemption defense is a "sham". Specifically, the Church seeks Mr. Behar's deposition to show that "information was provided to Behar by the IRS for inclusion in his article for the *purpose* of aiding the IRS to support its claims to exemption to withhold agency records." (Memo. in Opposition at 13–14.) This vague and wholly unsupported allegation falls far short of the "clear and specific showing" of materiality and relevance required of the party seeking disclosure. *Burke*, 700 F.2d at 76–77. Moreover, the alleged materiality of Mr. Behar's information is belied by the Church's own admissions that "the Behar article is ... irrelevant to any FOIA issue," (Memo. in Opposition at 3) and would be inadmissible hearsay if the IRS seeks to use it in the underlying action. *Id.* at 4, 7, 8.

Secondly, the Church asserts that the information is "necessary" to the maintenance of its claim, stating that "[a]s a

matter of law, the Church is entitled to challenge the IRS' claims of exemption through discovery or whatever means in its power to refute the government's claims." *Id.* at 16. In support of this contention, the Church cites, without more, an extended quote from *Weiner v. FBI*, Daily Journal D.A.R. 8697 (9th Cir.1991), for the blanket proposition that discovery should be allowed in Freedom of Information Act cases.

■■■ The facts of this case refute the Church's contention that Mr. Behar's information is "necessary or critical" to the Church's claim. When testimony sought from a reporter would be cumulative of other evidence, it cannot be "necessary or critical" to an action so as to override the First Amendment privilege. *See Burke*, 700 F.2d at 78. The IRS has 18 other pieces of evidence in support of its exemption claim. Moreover, the IRS asserted the same FOIA exemptions in its answer to the Church's complaint in the underlying action nine months prior to publication of Mr. Behar's article. (Memo. in Support of Motion at 16.) Finally, the Church itself admits that "it is difficult to believe that the federal government must rely upon a Time magazine article as the basis for the exemption claim when the Church and the IRS have been in conflict for many years." (Memo. in Opposition at 15.) Indeed, the Court also finds it improbable that the article is *the* basis of the IRS' claim so as to make the deposition of Mr. Behar is "necessary or critical".

■■■ Addressing the third prong of the test, the Church has failed to demonstrate that the information sought from Mr. Behar is "not obtainable from other sources". Before a reporter's resources can be tapped by subpoena, the party seeking the information must demonstrate that other available sources of the information have been exhausted. *See In re Petroleum Products*, 680 F.2d at 8–9, & n. 11. As to allegations regarding alleged harassment of the government and others by the Church, the Church is free to depose any

and all persons who claim to have been harassed. Likewise, the Church's claim that the IRS has "fail[ed] to provide complete and honest testimony as to its communications with Behar"—referring to the deposition of Robert Hollohan—does not foreclose the Plaintiff from inquiring directly of any other IRS employees whom it alleges have engaged in such communications. (Memo. in Opposition at 17.) Further, the Church's remedies for alleged failures on the part of the IRS to afford discovery required by the Federal Rules of Civil Procedure are properly sought in the underlying action. Finally, the Church has not shown that it has exhausted the avenues open to it to investigate the events recounted by Mr. Behar regarding the Church's claimed harassment of himself, through interviewing its own agents, or seeking to depose all of the persons identified in "The Scientologists and Me" portion of the Time Article. The Church must exhaust these alternative sources before any deposition of Mr. Behar would be warranted.

For the reasons cited above, the motion to quash the deposition subpoena is granted.

Fed.R.Civ.P. 11 authorizes the imposition of disciplinary sanctions to deter abuses by parties who act in bad faith in instituting or conducting litigation. The Court does not find the Church's subpoena for the deposition of Mr. Behar to have been motivated by bad faith. Mr. Behar's motion for sanctions is denied.

SO ORDERED.